## Miller v. Reider

*Handler & Handler*, for petitioners.
*Herbert Schaffner*, for County Commissioners.

PER CURIAM, April 7, 1976—Stanley A. Miller and Lynn Hand, candidates for the Republican nomination for the office of State Senator from the Fifteenth Legislative District, have filed a petition asking that separate balloting machines be used for the Republican and Democratic Parties. This request arises from the fact that petitioners' names will appear on the machine ballot immediately below the names of the other two Republican nominees. Their position arises as a result of the casting of lots as required under the Act of June 3, 1937, P.L. 1333, secs. 915 and 916, 25 P.S. §§2875, 2876. It is contended that a fair election may not result if they are listed on a line lower than their two opponents and that the Election Code mandates the inclusion of all candidates on the same row.

It is agreed that there is insufficient room to otherwise arrange the names if a composite ballot listing the nominees of all parties is used for each machine.

An evidentiary hearing was held April 5, 1976, at which time William E. Barnes, Director of the Bureau of Registrations and Elections for the County of Dauphin, testified. His evidence was uncontradicted and disclosed that, while there are sufficient machines to initially provide a separate unit for the Republican and Democratic Parties,*

---

*It is proposed that the candidates of the Constitutional Party be listed on both machines.

such an arrangement would seriously deplete the reserve pool of machines needed in the event of any breakdowns. Mr. Barnes testified that it has been his experience over a period of years that there are approximately 45 to 50 machine failures in any election. He also stated that there was no possible way of obtaining additional machines.

We believe that petitioners' constitutional argument of a possible unfair election has been answered by the decision in Gilhool v. Philadelphia County Board of Elections, 306 F. Supp. 1202 (1969), affirmed 397 U.S. 147, 90 S. Ct. 996 (1970). There, the court dismissed an action to enjoin the city from preparing and utilizing voting machines or ballots employing straight party voting levers. The court noted that there was no evidence that the well-informed motivated voter would be in any way affected by the presence of the party levers. In the instant case, there was absolutely no evidence presented that the ballot, as prepared by the Bureau of Elections, would so affect petitioners' rights as to deprive them of a fair election. With no evidence to the contrary, we must conclude that a voter can read a ballot and select the candidate of his choice. It is also pertinent to note that petitioners are not the only ones so affected. In the prepared ballot, there are 27 candidates on the first row, 18 candidates on the row where petitioners' names appear, and five candidates below petitioners' names on another row.

The statutory argument is likewise without merit. The Election Code provides:

"Except as hereinafter provided in primary elections where there are a sufficient number of ballot frames on one row or column to accommodate all the candidates of a political party, the names of all

the candidates shall appear on that row or column in the order that was established under the provisions of sections 915 and 916 of this act. Where there are four or more candidates for a particular office, the names of the candidates may be divided between the rows or columns as equally as possible so long as the order as provided in sections 915 and 916 is maintained.": Act of August 8, 1963, P.L. 614 (No. 322), sec. 1, 25 P.S. §3010(k).

Petitioners contend that the authority for two rows can be applied only where there is insufficient room on a ballot and is not applicable to a situation where a single-party ballot can be prepared which would list all names in one column. We feel this is a strained construction, for a reading of this section as a whole seems to indicate a clear legislative intent that, where there are four or more candidates, two rows may be used. Our Supreme Court has held that where the legislature has regulated the form of a ballot, it does not lie within the power of any officer to change that form: Davidowitz v. Philadelphia County, 324 Pa. 17, 187 Atl. 585 (1936).

Furthermore, there is a section of the Election Code which does permit separate machines: section 1110 of the Act of June 3, 1937, P.L. 1333, art. XI, as amended, 25 P.S. §3010(j), states:

"In primary elections, if it shall be impossible or impracticable to place on the ballot labels of one machine the names of all candidates seeking nomination in all political parties, the county election board may arrange for each election district the names of the candidates on separate voting machines: Provided, however, That the names of all the candidates seeking nomination in any one political party shall appear on one machine."

Accordingly, the petition is denied. Since the facts disclose that it is neither impossible nor impracticable, the only situation to which the legislature has spoken is not present.